# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**R.T. CLAY**
    **Petitioner-defendant,**

  **v.**                          **Case No. 16-C-0925**
                                      **(Criminal Case No. 01-CR-193)**

**UNITED STATES OF AMERICA**
    **Respondent-plaintiff.**

## RULE 4 ORDER

Petitioner R.T. Clay moves to vacate his sentence pursuant to 28 U.S.C. § 2255, raising claims under Johnson v. United States, 135 S. Ct. 2551 (2015). Johnson, which struck down as unconstitutionally vague the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), applies retroactively to cases on collateral review. Welch v. United States, 136 S. Ct. 1257 (2016). Because Johnson has no impact on petitioner's sentence, however, I deny his motion and dismiss this action.

**I.**

On October 25, 2002, petitioner pled guilty to three counts: racketeering, 18 U.S.C. § 1962(c); racketeering conspiracy, 18 U.S.C. § 1962(d); and conspiracy to distribute controlled substances, 21 U.S.C. §§ 841(a)(1), (b)(1)(A) & 846. The racketeering counts were based on two predicate acts – a home invasion armed robbery and a murder. See 18 U.S.C. § 1961(5) (explaining that a "pattern of racketeering" requires at least two acts of racketeering).

In calculating petitioner's sentencing guideline range on the racketeering counts, the pre-sentence report ("PSR") determined the offense level for each of the predicate acts.

See U.S.S.G. § 2E1.1(a)(2). On the robbery, the PSR set the base offense level at 20, U.S.S.G. § 2B3.1(a), then added 7 levels because a firearm was discharged, U.S.S.G. § 2B3.1(b)(2)(A), and 1 level because the taking of a controlled substance was an object of the robbery, U.S.S.G. § 2B3.1(b)(6), for an adjusted level of 28. (PSR ¶¶ 38-44.) On the murder, the PSR set the offense level at 43 under U.S.S.G. § 2A1.1(a). (PSR ¶ 45-50.) Finally, on the drug count, the PSR set the base offense level at 36 based on a drug weight of 500 grams of crack cocaine, U.S.S.G. § 2D1.1(c)(2) (2002), and added 2 levels for firearm possession, U.S.S.G. § 2D1.1(b)(1) (2002), for an adjusted level of 38. (PSR ¶¶ 51-56.) Applying the multi-count adjustment under U.S.S.G. § 3D1.4, the PSR set the combined adjusted level at 44, then subtracted 3 levels for acceptance of responsibility, U.S.S.G. § 3E1.1, for a final level of 41. (PSR ¶¶ 57-66.) The PSR determined that defendant did not qualify as a career offender. (PSR ¶ 67.) He nevertheless reached criminal history category VI based on 17 criminal history points. (PSR ¶ 101.)

At petitioner's February 6, 2003 sentencing hearing, I adopted the PSR's calculations, which produced an imprisonment range of 360-life. I impose a sentence of 360 months on each count running concurrently. Petitioner took no appeal. On July 14, 2016, petitioner filed the instant motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

**II.**

Section 2255 provides a basis for attacking a federal sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, the district court

2

must conduct a preliminary review of such motions:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion or other response . . . .

Under this screening Rule, the district court may dismiss a § 2255 action without holding a hearing or requiring the government to respond if the motion and the files and records of the case conclusively show that the petitioner is entitled to no relief. Gallo-Vasquez v. United States, 402 F.3d 793, 797 (7th Cir. 2005). "In addition, a hearing is not necessary if the petitioner makes allegations that are 'vague, conclusory, or palpably incredible,' rather than 'detailed and specific.'" Martin v. United States, 789 F.3d 703, 706 (7th Cir. 2015) (quoting Kafo v. United States, 467 F.3d 1063, 1067 (7th Cir. 2006)).

In his § 2255 motion, petitioner attacks his sentences on counts one and two (the racketeering counts) under Johnson, alleging that his "constitutional right to be placed on adequate notice was violated because the residual clause is unconstitutionally vague and violates due process." (Motion at 2, 3.) He contends: "Count 1 fails to categorically qualify as predicate act. . . . Therefore, this Court must vacate Count 1 of the indictment for dismissal and resentence petitioner accordingly." (Motion at 2.) And: "Count 2 does not categorically qualify as a predicate offense. . . . For all these reasons this Court must vacate and dismiss Count 2 of the indictment and resentence petitioner accordingly." (Motion at 3.)

Johnson struck down as unconstitutionally vague the residual clause of the ACCA's definition of the term "violent felony." See 18 U.S.C. § 924(e)(2)(B)(ii) (defining the term, in part, as an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another"). Petitioner was not convicted under the ACCA. While courts have

3

held that Johnson applies to the residual clause of similar "crime of violence" provisions, see, e.g., United States v. Pawlak, 822 F.3d 902 (6th Cir. 2016) (career offender guideline); United States v. Vivas-Ceja, 808 F.3d 719 (7th Cir. 2015) (18 U.S.C. § 16(b)), petitioner makes no claim that any statute or guideline applicable to his sentence contained a residual clause. See Stanley v. United States, No. 15-3728, 2016 U.S. App. LEXIS 12182 (7th Cir. June 27, 2016) (discussing the limits of Johnson). RICO predicates are enumerated in 18 U.S.C. § 1961(1), which does not contain a residual clause; nor do the applicable sentencing guidelines, see U.S.S.G. §§ 2A1.1, 2B3.1 & 2E1.1. As indicated above, I did not find petitioner to be a career offender.

**III.**

**THEREFORE, IT IS ORDERED** that petitioner's § 2255 motion (R. 1) is **DENIED**, and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Because the § 2255 motion lacks merit, petitioner's request for appointed counsel (R. 2) is also **DENIED**.[1]

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2255 petitioner. In order to obtain a COA, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing requires a demonstration that reasonable jurists could debate whether (or, for that matter, agree that) the motion should have been resolved in a different manner or that

---

[1] Petitioner's motion was referred to Federal Defender Services pursuant to the chief judge's administrative order regarding the appointment of counsel for prisoners with potential Johnson claims. On August 3, 2016, Federal Defender Services filed a letter indicating that it did not intend to appear in this case unless the court so ordered.

4

the issues presented were adequate to deserve encouragement to proceed further. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). For the reasons stated above, petitioner cannot make such a showing, so I decline to issue a COA.

Dated at Milwaukee, Wisconsin this 4th day of August, 2016.

/s Lynn Adelman
LYNN ADELMAN
District Judge

5

Case 2:16-cv-00925-LA   Filed 08/04/16   Page 5 of 5   Document 4